JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STEPHEN PHILLIPS

**(b)** County of Residence of First Listed Plaintiff: Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher R. Booth, Jr., Esq. 215-391-4790
Derek Smith Law Group, PLLC, 1835 Market Street, Suite 2950
Philadelphia, PA 19103

## DEFENDANTS
FETCH REWARDS, INC., FETCH REWARDS, LLC, FETCH REWARDS II, LLC, et. al.

County of Residence of First Listed Defendant: Dane County, WS
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 1964, 42 U.S.C. 2000e et seq. ("Title VII"); ~~43 P.S. Sec. 951, et seq. ("PHRA")~~
Brief description of cause: Age Discrimination and Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 11/13/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 105 Walsh Road, Lansdale, PA 19050

Address of Defendant: 131 West Wilson Street, Suite 400, Madison, WI 53703

Place of Accident, Incident or Transaction: Lansdale, PA

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☑ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/13/2018 Christopher R. Booth, Jr., Esq. 59395

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify)*: ______

*B.* ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*: ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify)*: ______

### ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, [signature], counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/13/2018 Christopher R. Booth, Jr., Esq. 59395

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| STEPHEN PHILLIPS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| FETCH REWARDS, INC., FETCH REWARDS, | : | |
| LLC, FETCH REWARDS II, LLC, et. al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 11/13/2018 | Christopher R. Booth, Jr., Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-391-4790 | 215-587-4169 | christopher@dereksmithlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------X

STEPHEN PHILLIPS,

Plaintiff,

CIVIL ACTION NO.

-against-

**COMPLAINT**

FETCH REWARDS, INC., FETCH REWARDS, LLC, FETCH REWARDS II, LLC, WESLEY SCHROLL, Individually (PHRA aiding and abetting), CHRISTOPHER SCHROLL, individually (PHRA aiding and abetting), and MICHAEL KENT, individually (PHRA aiding and abetting)

Defendants.

---------------------------------------------------------------------X

Plaintiff STEPHEN PHILLIPS, as and for her Complaint against the above Defendants respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

**1.** Plaintiff complains pursuant to his rights under Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. N0. 102-166 (Title VII)), the Pennsylvania Human Relations Act, as amended 43 P.S. §§ 951, *et seq.* ("PHRA"), and the Age Discrimination in Employment Act of 1967 as codified 29 U.S.C. § 621 to 29 U.S.C. § 634. Plaintiff seeks damages to redress injuries he suffered as a result of being discriminated and retaliated against due to his age.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967.

3. The court has supplemental jurisdiction over the State causes of action in this matter.

4. Venue is proper in this district based upon the fact that Defendants' principal place of business within the County of Delaware, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events took place within the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around November 22, 2017. The charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

6. The EEOC issued Plaintiff a Right to Sue letter on August 13, 2018.

## PARTIES

7. Plaintiff, STEPHEN PHILLIPS (hereinafter also referred to as Plaintiff and "PHILLIPS") is a 66 year old male who resides of the County of Delaware, in the Commonwealth of Pennsylvania.

8. At all times material, Defendant FETCH REWARDS, INC., is a domestic for-profit business duly existing by virtue of the laws of the State of Delaware. with its principal place of business located at 131 West Wilson Street, Suite 400, Madison, WI 53703.

9. At all times material, Defendant FETCH REWARDS, LLC is a domestic for-profit limited liability company duly existing by virtue of the laws of the State of Delaware with

its principal place of business located at 131 West Wilson Street, Suite 400, Madison, WI 53703.)

10. At all times material, Defendant FETCH REWARDS II, LLC is a limited liability company organized under the laws of the State of Wisconsin with its principal place of business located at 131 West Wilson Street, Suite 400, Madison, WI 53703.

11. At all times material, Defendant FETCH REWARDS, INC., FETCH REWARDS, LLC AND FETCH REWARDS II, LLC are collectively referred to as "DEFENDANTS" of "FETCH."

12. At all times material, Defendant Wesley Schroll ("Wes Schroll") was and still is the Co-Founder and CEO of Fetch. Schroll had supervisory responsibility over Plaintiff.

13. At all times material, Defendant Christopher Schroll ("Chris Shroll") was and still is an employee of DEFENDANT FETCH as its President of Operations. Chris Schroll had supervisory responsibility over Plaintiff.

14. At all times material, Defendant Michael Kent ("Kent") was and still is an employee of Fetch as its Chief Operating Office. Kent held direct supervisory authority over Plaintiff.

**MATERIAL FACTS**

15. In March 2016, Respondents Kent and Wes Schroll travelled to Minneapolis, MN to recruit Phillips for the position of Senior Vice President of Fetch. At the time, Phillips was employed at another company earning over $200,000 per year in salary and commissions.

16. During the meeting, Respondents Wes Schroll and Kent discussed, among other things: (1) the Fetch concept, (2) its potential in the grocery industry, (3) access to Phillips' key business relationships in the grocery industry to market the Fetch services and equipment, and (4) the financial opportunity with the company, which included a key business development relationship with Kraft-Heinz. The meeting lasted over 2 ½ hours and resulted in Respondents Wes Schroll and Kent verbally offering the Senior Vice President position to Phillips on the spot.

17. Based upon Wes Schroll's and Kent's representations during the initial meeting, Phillips accepted the position and began working at Fetch on May 1, 2016.

18. Almost immediately after coming on board, it became clear that many of the factual representations Respondents Wes Schroll and Kent made to lure Phillips to Fetch were false and/or misleading.

19. For instance, Phillips learned that there were compatibility issues with Fetch's equipment, the Kraft-Heinz business relationship did not provide coordination or assistance with business development as represented, the costs to the grocery stores was significantly higher than discussed, and the entire business model had to be re-worked to address industry concerns and objections.

20. In response, Phillips presented a clear retail strategy for addressing customer concerns and refocusing Fetch's entire business approach which was presented to Fetch's Board of Directors. The Board of Directors agreed with Phillip's marketing strategy and moved forward with his recommendations.

21. In his efforts to implement his new retail strategy, Phillips began to call upon new and existing accounts to repair Fetch's relationships.

22. One of the accounts Phillips attempted to repair was with an owner of 4 grocery stores who had previously dealt with Chris Schroll. Chris Schroll (Wes Schroll's father) apparently used inappropriate language and mishandled the financial affairs with a female employee of the potential retailer. Mr. Phillips learned of several other inappropriate incidents involving Chris Schroll and discussed these serious situations with Kent.

23. Kent, however, took no action. Rather, Kent stated, "it was difficult to work with a bunch of 20-year olds and the CEO's father is involved" and discouraged Mr. Phillips from raising these concerns any further.

24. Shortly thereafter, Kent began to communicate with Phillips less and less. In fact, for several months, Kent would have little to no contact with Phillips and refused to respond to Phillips's emails or other attempts at communication.

25. At no time had Kent ever met with Phillips to provide him with his performance evaluation or otherwise discuss any material issues with Phillips.

26. However, on August 5, 2017, without any prior notice or discussion, Kent terminated Phillips for no reason.

27. Notwithstanding that Kent terminated Phillips, he continued to ask Phillips to coordinate in the transition of Phillip's longstanding business contacts to another person at Fetch.

28. Phillips was the oldest person in the company at 66 years old when he was terminated.

29. Upon information and belief, Kent replaced Phillips with several younger employees to collectively perform his position assumingly at much lower salaries.

30. Phillips was and remains highly qualified for the position of Senior Vice President or its functional equivalent position.

31. Fetch's workforce is predominantly under the age of forty (40), particularly after the termination of certain other older employees over 40, including Phillips.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

32. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

33. Plaintiff filed charges with the EEOC on or about November 22, 2017.

34. This action is being commenced within 90 days of receipt of the above right to sue letter issued on August 13, 2018.

35. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

36. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her gender/sex.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

38. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

39. Defendants retaliated against Plaintiff because she opposed Defendants' unlawful employment practices.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

42. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race and gender/sex.

43. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

**AS A FOURTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

46. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**AS A FIFTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the

provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

49. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A SIXTH CAUSE OF ACTION FOR VIOLATIONS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

149. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

150. Plaintiff claims Defendants violated the Age Discrimination in Employment Act of 1967 (Pub. L 90-202) (*ADEA*), as amended, as these titles appear in volume 29 of the United States Code, beginning at section 621.

151. Title 29 of the Age Discrimination in Employment Act of 1967, of the Americans with Disabilities Act of 1990, Section 623, Section 4 states: "It shall be unlawful for an employer-

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>
> (3) to reduce the wage rate of any employee in order to comply with this chapter."

152. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his age.

153. As such, Plaintiff has been damaged as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
11/13, 2018

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiffs*

By: ______________________

Christopher R. Booth, Jr., Esq.
Derek Smith Law Group, PLLC
*Attorneys for Plaintiff*
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790