**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
-----------------------------------------------------------------------X
STEPHEN PHILLIPS,

Plaintiff,

-against-

FETCH REWARDS, INC., FETCH REWARDS, LLC, FETCH REWARDS II, LLC, WESLEY SCHROLL, Individually (PHRA aiding and abetting), CHRISTOPHER SCHROLL, individually (PHRA aiding and abetting), and MICHAEL KENT, individually (PHRA aiding and abetting)

Defendants.
-----------------------------------------------------------------------X

CIVIL ACTION NO. 18-4910

**FIRST AMENDED COMPLAINT**

Plaintiff STEPHEN PHILLIPS, as and for his First Amended Complaint against the above Defendants respectfully alleges upon information and belief as follows:

**NATURE OF THE CASE**

**1.** Plaintiff complains pursuant to his rights under Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. N0. 102-166 (Title VII)), the Pennsylvania Human Relations Act, as amended 43 P.S. §§ 951, *et seq.* (“PHRA”), and the Age Discrimination in Employment Act of 1967 as codified 29 U.S.C. § 621 to 29 U.S.C. § 634. Plaintiff seeks damages to redress injuries he suffered as a result of being discriminated and retaliated against due to his age and his complaints about Defendants’ conduct towards women.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a federal question under Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967.

3. The court has supplemental jurisdiction over the state causes of action in this matter.

4. Venue is proper in this district based upon the fact that Defendants' conducted business within the County of Delaware, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, Plaintiff was a remote employee and material events took place within the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around November 22, 2017. The charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

6. The EEOC issued Plaintiff a Right to Sue letter on August 13, 2018.

## PARTIES

7. Plaintiff, STEPHEN PHILLIPS (hereinafter also referred to as Plaintiff and "PHILLIPS") is a 66 year old male who resides of the County of Delaware, in the Commonwealth of Pennsylvania.

8. At all times material, Defendant FETCH REWARDS, INC., is a domestic for-profit business duly existing by virtue of the laws of the State of Delaware. with its principal place of business located at 131 West Wilson Street, Suite 400, Madison, WI 53703.

9. At all times material, Defendant FETCH REWARDS, LLC is a domestic for-profit limited liability company duly existing by virtue of the laws of the State of Delaware with

its principal place of business located at 131 West Wilson Street, Suite 400, Madison, WI 53703.)

10. At all times material, Defendant FETCH REWARDS II, LLC is a limited liability company organized under the laws of the State of Wisconsin with its principal place of business located at 131 West Wilson Street, Suite 400, Madison, WI 53703.

11. At all times material, Defendant FETCH REWARDS, INC., FETCH REWARDS, LLC AND FETCH REWARDS II, LLC are collectively referred to as “DEFENDANTS” of “FETCH.”

12. At all times material, Defendant Wesley Schroll (“Wes Schroll”) was and still is the Co-Founder and CEO of Fetch. Schroll had supervisory responsibility over Plaintiff.

13. At all times material, Defendant Christopher Schroll (“Chris Shroll”) was and still is an employee of DEFENDANT FETCH as its President of Operations. Chris Schroll had supervisory responsibility over Plaintiff.

14. At all times material, Defendant Michael Kent (“Kent”) was and still is an employee of Fetch as its Chief Operating Office. Kent held direct supervisory authority over Plaintiff.

## **MATERIAL FACTS**

15. In March 2016, Respondents Kent and Wes Schroll travelled to Minneapolis, MN to recruit Phillips for the position of Senior Vice President of Fetch. At the time, Phillips was employed at another company earning over $200,000 per year in salary and commissions.

16. During the meeting, Respondents Wes Schroll and Kent discussed, among other things: (1) the Fetch concept, (2) its potential in the grocery industry, (3) access to Phillips' key business relationships in the grocery industry to market the Fetch services and equipment, and (4) the financial opportunity with the company, which included a key business development relationship with Kraft-Heinz. The meeting lasted over 2 ½ hours and resulted in Respondents Wes Schroll and Kent verbally offering the Senior Vice President position to Phillips on the spot.

17. Based upon Wes Schroll's and Kent's representations during the initial meeting, Phillips accepted the position and began working at Fetch on May 1, 2016.

18. Almost immediately after coming on board, it became clear that many of the factual representations Respondents Wes Schroll and Kent made to lure Phillips to Fetch were false and/or misleading.

19. For instance, Phillips learned that there were compatibility issues with Fetch's equipment, the Kraft-Heinz business relationship did not provide coordination or assistance with business development as represented, the costs to the grocery stores was significantly higher than discussed, and the entire business model had to be re-worked to address industry concerns and objections.

20. In response, Phillips presented a clear retail strategy for addressing customer concerns and refocusing Fetch's entire business approach which was presented to Fetch's Board of Directors. The Board of Directors agreed with Phillip's marketing strategy and moved forward with his recommendations.

21. In his efforts to implement his new retail strategy, Phillips began to call upon new and existing accounts to repair Fetch's relationships.

22. One of the accounts Phillips attempted to repair was with an owner of 4 grocery stores who had previously dealt with Chris Schroll. Chris Schroll (Wes Schroll's father) apparently used inappropriate language and mishandled the financial affairs with a female employee of the potential retailer. Mr. Phillips learned of several other inappropriate incidents involving Chris Schroll and discussed these serious situations with Kent.

23. Kent, however, took no action. Rather, Kent stated, "it was difficult to work with a bunch of 20-year olds and the CEO's father is involved" and discouraged Mr. Phillips from raising these concerns any further.

24. Shortly thereafter, Kent began to communicate with Phillips less and less. In fact, for several months, Kent would have little to no contact with Phillips and refused to respond to Phillips's emails or other attempts at communication.

25. At no time had Kent ever met with Phillips to provide him with his performance evaluation or otherwise discuss any material issues with Phillips.

26. However, on August 5, 2017, without any prior notice or discussion, Kent terminated Phillips for no reason.

27. Notwithstanding that Kent terminated Phillips, he continued to ask Phillips to coordinate in the transition of Phillip's longstanding business contacts to another person at Fetch.

28. Phillips was the oldest person in the company at 66 years old when he was terminated.

29. Upon information and belief, Kent replaced Phillips with several younger employees to collectively perform his position assumingly at much lower salaries.

30. Phillips was and remains highly qualified for the position of Senior Vice President or its functional equivalent position.

31. Fetch's workforce is predominantly under the age of forty (40), particularly after the termination of certain other older employees over 40, including Phillips.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

32. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

33. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

34. Defendants retaliated against Plaintiff because she opposed Defendants' unlawful employment practices as described above.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

36. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal

because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

37. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his age.

38. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

40. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

41. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

42. Defendants retaliated against Plaintiff because of his opposition to Defendants' unlawful conduct as described above.

**AS A FOURTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

45. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory and retaliatory conduct.

**AS A FIFTH CAUSE OF ACTION**
**FOR VIOLATIONS UNDER THE AGE DISCRIMINATION**
**IN EMPLOYMENT ACT**

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. Plaintiff claims Defendants violated the Age Discrimination in Employment Act of 1967 (Pub. L 90-202) (*ADEA*), as amended, as these titles appear in volume 29 of the United States Code, beginning at section 621.

48. Title 29 of the Age Discrimination in Employment Act of 1967, of the

Americans with Disabilities Act of 1990, Section 623, Section 4 states: “It shall be unlawful for an employer-

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual’s age;
>
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual’s age; or
>
> (3) to reduce the wage rate of any employee in order to comply with this chapter.”

49. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his age and retaliating against Plaintiff because of his opposition to Defendants’ unlawful conduct as described above.

50. As such, Plaintiff has been damaged as set forth herein.

**AS A SIXTH CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT**

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. Defendants knowingly misrepresented the material terms of Plaintiff’s employment and Defendants’ products and services he was induced to help market and sell as more fully described above.

53. Plaintiff relied upon Defendants’ misrepresentations to his detriment and lured him away from his prior employer based upon such misrepresentations.

54. As a result, Plaintiff suffered damages as set forth herein and as will be proven at trial.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: April 8, 2019


DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiffs*

By: *<u>/s/ Christopher R. Booth, Jr.</u>*
Christopher R. Booth, Jr., Esq.
Derek Smith Law Group, PLLC
*Attorneys for Plaintiff*
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790